UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD YOUNG, *on behalf of himself and all others similarly situated, and on behalf of the general public*,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>AMERIGAS PROPANE, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.  14-cv-00583-BAS(RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 6) |

　　　　On February 10, 2014, Plaintiff Ronald Young ("Plaintiff") commenced this putative class action in San Diego Superior Court against Defendant AmeriGas Propane, Inc. ("AmeriGas"), his former employer, alleging violations of California labor laws requiring employers to provide meal and rest breaks.  (ECF No. 1.)  As a result of this failure to provide meal breaks, Plaintiff alleges AmeriGas also failed to pay for the resulting overtime, improperly took auto-meal deductions from wages, and failed to provide accurate itemized employee wage statements.  (*Id*.)  AmeriGas removed this action to federal court on March 13, 2014.  (*Id*.)

　　　　Nine months before this action was filed in the Southern District of California, a similar class action involving the same defendant and a similarly-defined putative class, was filed in the Central District of California.  (ECF No. 8.)

1  In that case, on behalf of the putative class, of which the named Plaintiff in this case
2  is a member, the complaint also alleges violations of California labor laws requiring
3  employers to provide meal and rest breaks, failure to pay for the resulting overtime
4  and failure to provide accurate itemized employee wage statements. (*Id.*)

5  AmeriGas now moves in this matter to dismiss the Complaint under Rule
6  12(b)(6) claiming that an Agreement and General Release signed by Plaintiff at the
7  end of his employment bars all of Plaintiff's claims. (ECF No. 6.) Alternatively,
8  AmeriGas moves to transfer this case to the Central District of California under the
9  "first-to file" rule which permits a district court to dismiss, stay or transfer an action
10 where a complaint involving the same parties and issues has already been filed in
11 another district. (ECF No. 8.) Plaintiff opposes both motions.

12 The Court finds these motions suitable for determination on the papers
13 submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following
14 reasons, the Court **GRANTS** AmeriGas' motion to dismiss Plaintiff with prejudice.
15 Since Plaintiff is currently the only named plaintiff in this action, the Court also
16 **GRANTS** AmeriGas' motion to dismiss the class action and other members of the
17 class without prejudice. Furthermore, because the Court grants AmeriGas' motion
18 to dismiss (ECF No. 6), AmeriGas' motion to dismiss, stay, or transfer (ECF No. 8)
19 is **TERMINATED AS MOOT**.

20 **I.    BACKGROUND**

21 Plaintiff alleges he worked "as an industrial truck worker, industrial truck
22 driver, industrial vehicle driver, and/or industrial worker" for AmeriGas and was
23 "paid on an hourly basis" for at least four years. (ECF No. 1-1 ("Compl.") at ¶¶ 18,
24 22.) Plaintiff alleges: (1) he and other members of the putative class were required
25 to work without legally mandated meal and/or rest breaks; (2) auto-meal deductions
26 were taken from their wages without actually providing meal breaks, (3) they were
27 not provided all straight time and overtime compensation; (4) they were not
28 provided accurate itemized employee wage statements; and (5) they were not paid

1  all compensation upon termination from employment and were therefore entitled to
2  waiting time penalties under California Labor Code § 203.  (*Id*. at ¶¶ 18, 23, 31, 40-
3  86, 125-129.)  In addition, Plaintiff seeks damages for fraud, claiming AmeriGas
4  promised to pay all wages to induce workers to continue working without meal
5  breaks, conversion, unjust enrichment, and unfair competition under Business and
6  Professions Code §§ 17200 *et seq*.  (*Id*. at ¶¶ 87-124, 130-138.)  All of Plaintiff's
7  claims relate to his employment with AmeriGas.

8        When Plaintiff left his employment at AmeriGas in April 2013, in exchange
9  for severance pay of $6,409.60, he executed an Agreement and General Release
10 ("Agreement").  (ECF No. 6-2, Exh. A.)  As part of the Agreement, Plaintiff
11 released AmeriGas:

> from any actions, suits, debts, claims and demands whatsoever in law or in equity, which [Plaintiff] ever had, now has, or may have…from the beginning of [Plaintiff's] employment with [AmeriGas]…to the date of this Agreement…and particularly, but without limitation…any claims arising from or relating in any way to [Plaintiff's] employment relationship or the termination of [Plaintiff's] employment relationship with [AmeriGas]….

(*Id*. at ¶ 2.)  In addition, Plaintiff agreed to give up any rights under California Civil Code §1542 and stipulated:

> [Plaintiff] hereby acknowledges that he…may hereafter discover claims or facts in addition to, or different from, those which [Plaintiff] now knows or believes to exist, but that he…expressly agrees to fully, finally and forever release any and all claims, known and unknown, suspected or unsuspected, which exist or may exist on his…behalf against [AmeriGas] at the time of execution of this Agreement, including, but not limited to, any and all claims relating to or arising from [Plaintiff's] employment with [AmeriGas] or the cessation of that employment.

(*Id*. at ¶ 4 (collectively with ¶ 2, referred to hereinafter as the "Release").)  The Agreement further provides that Plaintiff "has signed this Agreement…with the intention of releasing all claims against the Employer and Affiliates in exchange for

the payment described [in the Release], which the [Plaintiff] acknowledges is valid and sufficient consideration" for the Release. (*Id*. at ¶ 3(a)).

The Agreement also specifically provides that an employee has forty-five (45) days to consider whether or not to sign after being presented with the Agreement and has seven (7) days after signing to revoke his consent. (*Id*. at ¶ 3(b)). Finally, the Agreement advises that an employee signing this document should consult with an attorney before signing. (*Id*. at ¶ 3(a)).

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the

deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the…laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. ANALYSIS

### A. Incorporation by Reference

AmeriGas moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) on the ground that Plaintiff's signing of the Release waived the claims he purports to pursue in this action. (ECF No. 6-1 at pp. 1, 3-8.) Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, under the doctrine of incorporation by reference, a court may consider extrinsic documents submitted with a motion to dismiss "if they are 'integral' to the plaintiff's claims and their authenticity is not in dispute." *Birdsong v. AT&T Corp.,* 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006)); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

In this case, the Release in the Agreement is clearly an integral part of Plaintiff's allegations because he has no valid claim if the Release is found to be valid. *See Birdsong,* 2013 WL 1120783, at *2. Moreover, Plaintiff does not dispute that he signed the Release. (ECF No. 11 at p. 2.) Accordingly, the Court will

1 consider the Release submitted by AmeriGas in support of its motion to dismiss.

### B. AmeriGas' Motion to Dismiss

Plaintiff argues that the provisions in the Release he signed are unenforceable under California Labor Code section 206.5. (ECF No. 11 at p. 2.) "'The general rule is that when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents and is estopped from saying that its provisions are contrary to his intentions or understanding.'" *Skinner v. Am. Med. Response Ambulance Serv.*, 2011 WL 839562, at *3 (S.D. Cal. Mar. 4, 2011) (quoting *Jefferson v. Cal. Dept. of Youth Auth.*, 28 Cal.4th 299, 303 (2002)).

Labor Code section 206.5 prohibits employers from requiring their employees to release claims for wages due unless payment of those wages has been made. Cal. Lab. Code § 206.5(a). The purpose of this section is to prohibit employers from coercing settlements by withholding wages which are owed. *Watkins v. Wachovia Corp.*, 172 Cal.App.4th 1576, 1587 (2009); *see also Reynov v. ADP Claims Services Grp., Inc.*, 2007 WL 5307977, at *3 (N.D. Cal. Apr. 30, 2007) (the purpose of §206.5 is to prevent "unscrupulous employers" from withholding a worker's paycheck unless he signs a release waiving all rights to additional compensation owed).

Courts have concluded that Labor Code section 206.5 must be read in light of California Labor Code section 206. *See Watkins*, 172 Cal.App.4th at 1587; *see also Reynov*, 2007 WL 5307977, at *2. Section 206(a) provides that "[i]n case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, *conceded by him to be due*, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed." Cal. Lab. Code § 206(a) (emphasis added). Read together, sections 206 and 206.5 provide that amounts required to be paid under section 206, *i.e.*, amounts concededly due, may not be released. *See Watkins*, 172 Cal.App.4th at 1587.

1  However, if a bona fide dispute exists as to whether the disputed amounts are
2  actually due, then "the bona fide dispute can be voluntarily settled with a release and
3  a payment—even if the payment is for an amount less than the total wages claimed
4  by the employee." *Id.* (citing *Chindarah v. Pick Up Stix, Inc.*, 171 Cal.App.4th 796,
5  803 (2009)). An unwaivable statutory right to wages, including the statutory right to
6  receive overtime pay, will not preclude a finding that a bona fide dispute exists.
7  *Aguilar v. Zep Inc.*, 2014 WL 1900460, at *4 (N.D. Cal. May 12, 2014); *Chindarah*,
8  171 Cal.App.4th at 803.

9       Here, Plaintiff does not argue that he did not receive all wages concededly
10 due. Rather, Plaintiff argues that section 206.5 of the Labor Code prohibits
11 enforcement of the Release he signed because "[t]here is no evidence here of any
12 dispute, much less one about wages, at the time the release was executed." (ECF
13 No. 11 at p. 1, line 28 – p. 2, line 1.) A review of the Complaint shows this claim is
14 unfounded. In the Complaint, Plaintiff alleges that AmeriGas failed to pay him for
15 meal or rest breaks, deducted money from his paycheck for meals, and was not
16 given accurate itemized employee wage statements. (*See* Compl. at ¶¶ 3-13, 18-20,
17 40-86, 125-131.) Presumably, Plaintiff knew at the time he left his employment that
18 he was never given meal or rest breaks. Even more significant, the Complaint
19 alleges that AmeriGas falsely promised Plaintiff it would pay all wages earned from
20 not providing meal or rest breaks and that, in justifiable reliance on these promises,
21 Plaintiff continued to work through his meal and rest periods. (*See* Compl. at ¶¶
22 107-112.) Thus, inarguably by the time he had left his employment and signed the
23 Release, Plaintiff knew AmeriGas was not going to follow through with these
24 alleged false promises. Nonetheless, Plaintiff agreed to severance pay in exchange
25 for waiving any claims known or unknown resulting from his employment.

26      Accordingly, at the point Plaintiff signed the Release, there was a bona fide
27 dispute as to whether AmeriGas owed him additional money for the meal and rest
28 breaks and whether AmeriGas had falsely promised that money would be paid. *See*

1 *Watkins*, 172 Cal.App.4th at 1587 (finding a bona fide dispute existed where plaintiff believed she possessed a claim for further overtime pay at the time her employment was terminated based on uncompensated overtime work she performed and a manager telling her that she should be compensated for her overtime work). Plaintiff voluntarily elected to receive severance benefits in exchange for releasing his claims. *Id*; *see also Aguilar*, 2014 WL 1900460, at *4. Whether or not Plaintiff was aware of all of his potential claims at the time he signed the Release is irrelevant. *See Reynov*, 2007 WL 5307977, at *3. Therefore, the Court finds the Release is enforceable and grants AmeriGas' motion to dismiss.

In this case, Plaintiff is the only named plaintiff in this putative class action. A class action may not proceed unless the plaintiff who represents the class can show that he personally has been injured, "'not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n. 20 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). Since Plaintiff's case must be dismissed, the class action can no longer stand.

## IV. CONCLUSION

Because Plaintiff accepted a severance in exchange for signing a Release of all claims, AmeriGas' motion to dismiss (ECF No. 6) is **GRANTED** with prejudice against Plaintiff. As Plaintiff is the only named plaintiff in this class action, the motion to dismiss (ECF No. 6) is **GRANTED** without prejudice with respect to the class. Given the foregoing, AmeriGas' motion to dismiss, stay, or transfer (ECF No. 8) is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

**DATED: October 9, 2014**

Hon. Cynthia Bashant
United States District Judge